UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

UNITED STATES OF AMERICA              CASE NO. 16-cr-00214-03

VERSUS                                JUDGE FOOTE

KENNETH LAMPKIN (03)                  MAGISTRATE JUDGE HORNSBY

**MEMORANDUM ORDER**

**Introduction**

Defendant, a former manager of Explo Systems, Inc., pleaded guilty to making a false statement under 18 U.S.C. § 1001. He was sentenced to 45 months imprisonment and ordered to pay restitution in the amount of $149,032.80.

In an effort to enforce the restitution order, the Government issued a Writ of Continuing Garnishment (Doc. 282) to Teacher Retirement System of Texas seeking seizure of 25% of the "nonexempt disposable retirement income of Resie Wilson Lampkin," the spouse of Defendant.

The Teacher Retirement System of Texas filed an Answer (Doc. 293) stating that it has custody, control, or possession of a retirement account in Ms. Lampkin's name from which Ms. Lampkin, a retiree, receives a gross monthly annuity of $3,867.40. Doc. 293, ¶ 3. The Answer also states that Ms. Lampkin retired on May 31, 2012 and married Defendant on or about September 27, 2014. The answer requests that the court require the Government to establish Defendant's interest in the retirement benefits that accrued to Ms. Lampkin before her marriage to Defendant. The answer concedes that, if Defendant has a

valid interest in the retirement benefits, the distribution made to Ms. Lampkin are "earnings" as defined in 15 U.S.C. § 1672(a) and are subject to the 25% garnishment cap pursuant to the Consumer Credit Protection Act, 15 U.S.C. § 1673(a)(1).

Ms. Lampkin filed a Motion to Quash Writ of Garnishment (Doc. 299), which is currently before the court. Ms. Lampkin argues that her retirement benefits are entirely her separate property, having been earned by her over many years before she ever knew Defendant.

**Law and Analysis**

Federal law provides that an order of restitution can be enforced by the Government in the manner provided for in the Mandatory Victims Restitution Act ("MVRA"). 18 U.S.C. §§ 3611-3615. The MVRA permits the Government, "notwithstanding any other federal law, to enforce a restitution order 'against all property or rights to property of the person fined'" with only limited exceptions. United States v. DeCay, 620 F.3d 534, 539 (5th Cir. 2010). This right of garnishment applies to monthly pension benefits. Id.

Under the MVRA, a restitution order is a lien in favor of the Government as if the liability of the person fined were a liability for a tax. 18 U.S.C. § 3613(c). Any property that may be garnished to satisfy a tax lien may, therefore, be garnished to satisfy a restitution order. United States v. Banks, 2013 WL 357823 (M.D. Tex. 2013). And "state law exemptions are not effective against the United States" with respect to tax liens. Medaris v. United States, 884 F.2d 832, 833-34 (5th Cir. 1989).

The court finds that the monthly annuity received by Ms. Lampkin from the Teachers Retirement System is community property subject to the Government's

garnishment even though the retirement account itself is Ms. Lampkin's separate property.

Louisiana Civil Code Art. 2339 provides:

> The natural and civil fruits of the separate property of a spouse, minerals produced from or attributable to a separate asset, and bonuses, delay rentals, royalties, and shut-in payments arising from mineral leases are community property. Nevertheless, a spouse may reserve them as his separate property as provided in this Article.
>
> A spouse may reserve them as his separate property by a declaration made in an authentic act or in an act under private signature duly acknowledged. A copy of the declaration shall be provided to the other spouse prior to filing of the declaration.
>
> As to the fruits and revenues of immovables, the declaration is effective when a copy is provided to the other spouse and the declaration is filed for registry in the conveyance records of the parish in which the immovable property is located. As to fruits of movables, the declaration is effective when a copy is provided to the other spouse and the declaration is filed for registry in the conveyance records of the parish in which the declarant is domiciled.

Under this Code article, the monthly annuities constitute the natural or civil fruits of Ms. Lampkin's separate property. Such fruits are deemed community property unless the spouse who owns the separate property has filed a declaration to reserve them. There is no indication that Ms. Lampkin filed such a declaration.

Ms. Lampkin also argues that Defendant's criminal restitution obligation is his separate obligation for which community assets may not be seized. However, Louisiana Civil Code Art. 2345 provides that a separate obligation may be satisfied during the community property regime from community property. Of course, and as explained by the Teacher Retirement System of Texas, the annuity payments are subject to the 25% garnishment cap set forth in the Consumer Credit Protection Act. The 75% balance is not subject to the Government's garnishment.

Ms. Lampkin could (and still may) file a declaration under Art. 2339 to reserve future distributions from her retirement account as a separate property. She could also seek reimbursement from Defendant for payments made in satisfaction of his separate obligation. La. Civ. Code Art. 2364. But unless and until she records a proper declaration, the Government is entitled to garnish 25% of her monthly annuity payments from the Teachers Retirement System.

Accordingly, Ms. Lampkin's **Motion to Quash Garnishment (Doc. 299)** is **denied**. Teachers Retirement System of Texas is ordered to comply with the garnishment on the monthly annuity payments up to the 25% cap.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 24th day of September, 2019.

Mark L. Hornsby
U.S. Magistrate Judge